UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFRANTZE LUCAS NOEL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>    Defendant. | No. 2:18-cv-01687-JAM-CKD PS<br><br><br><u>ORDER</u> |

Plaintiff DeFrantze Lucas Noel, who is proceeding without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

| 1 | Importantly, "Rule 10(a) of the Federal Rules of Civil Procedure states that the title of the
| 2 | action in the complaint must include the names of all the parties. . . . [As such,] an action may be
| 3 | dismissed if the defendant is not sufficiently identified to permit service of process. . . . Moreover,
| 4 | 'the use of a fictitious name for a defendant will not be permitted if ignorance of the defendant's
| 5 | identity is the result of . . . lack of reasonable inquiry.' " Stratton v. City of Boston, 731 F. Supp.
| 6 | 42, 45 (D. Mass. 1989) (internal citations omitted). Federal courts generally allow the use of
| 7 | "Doe" or fictitiously-named defendants in federal question cases, provided that the complaint
| 8 | alleges why the defendant's real name was not then known or ascertainable. See Bivens v. Six
| 9 | Unknown Named Agents of Federal Bureau of Narcotics (1971) 403 US 388, 390, fn. 2; Maclin
| 10 | v. Paulson (7th Cir. 1980) 627 F2d 83, 87, fn. 4; Merritt v. County of Los Angeles (9th Cir. 1989)
| 11 | 875 F2d 765, 768; Dean v. Barber (11th Cir. 1992) 951 F2d 1210, 1214–15.
| 12 | To avoid dismissal for failure to state a claim, a complaint must contain more than "naked
| 13 | assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of
| 14 | action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words,
| 15 | "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
| 16 | statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
| 17 | upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
| 18 | claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
| 19 | the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
| 20 | at 678. When considering whether a complaint states a claim upon which relief can be granted,
| 21 | the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94
| 22 | (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
| 23 | Rhodes, 416 U.S. 232, 236 (1974).
| 24 | Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21
| 25 | (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear
| 26 | that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma*
| 27 | *pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll
| 28 | v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th

Cir. 1984).

Here, plaintiff has failed to name any defendants. Plaintiff claims that he will name them "after proper discovery." (ECF No. 1 at 3.) Apparently, the defendants are the owners of the apartments located at 2581 Rio Linda Blvd., Sacramento, California 95815. (Id. at 2.) This is the same address that plaintiff lists as his current address. Plaintiff has failed to explain either the efforts he took to learn the names of the owners of the apartment building where he currently resides, or why these names are neither known nor ascertainable through reasonable inquiry.

Moreover, plaintiff has plead in a conclusory fashion that defendants failed to make reasonable accommodation for plaintiff's "mental health, psychiatric service, and emotional support animals." (ECF No. 1 at 5.) Under the federal American's with Disabilities Act ("ADA") "a disabled person has a right to reasonable accommodations. . . . [which] may include a therapy dog or service dog. But it does not necessarily include an unrestricted right to keep the dog of one's choosing, and it does not include a right to unreasonable accommodations, such as refusing to keep a service dog under control, or keeping an aggressive animal." Roberts v. Veterans Vill. Enterprises, Inc., No. 17CV524-LAB (MDD), 2017 WL 1063477, at *5 (S.D. Cal. Mar. 20, 2017). Here, the complaint does even state a prima facie claim under the ADA as plaintiff does not indicate what kind of animal he was precluded from keeping in his apartment.

For these reasons, the complaint is subject to dismissal.[2] Nevertheless, in light of plaintiff's *pro se* status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim under the ADA, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

---

[2] Plaintiff also attempts to request a "temporary restraining order" against defendants in the complaint. (ECF No. 1 at 6.) However, simply invoking this phrase is not enough to trigger the court's procedures for temporary restraining orders. "No hearing on a temporary restraining order will normally be set unless [several enumerated] documents are provided to the Court and, unless impossible under the circumstances, to the affected parties or their counsel." Local Rule 231(c). Plaintiff's request here failed to provide any of the enumerated documents, aside from the complaint, and plaintiff has not provided any notice to defendants of his request for a restraining order. See Local Rule 231(c)(1)–(8). As such, this is not a valid request for a temporary restraining order.

3

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined in this order, and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: June 14, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/18-1687.Noel v. Unknown.IFP.diswlta