UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFRANTZE LUCAS NOEL,<br><br>Plaintiff,<br><br>v.<br><br>THERESA SANDSTRUM, et al.<br><br>Defendants. | No. 2:18-cv-01687-JAM-CKD (PS)<br><br><br><br>ORDER TO SHOW CAUSE |

Plaintiff DeFrantze Lucas Noel, who proceeds without counsel, commenced this action on June 8, 2018. (ECF No. 1.) The initial status (pretrial scheduling) conference was set for March 6, 2019. (ECF No. 10 at 2.) The court ordered that "[n]ot later than fourteen (14) days prior to the Status Conference, the parties shall file status reports." (Id.) Plaintiff failed to file a status report or to appear at the status conference.[1] (ECF No. 16.) This is plaintiff's fourth failure to follow an order of the court in this case.

Plaintiff's first failure occurred after the court granted plaintiff's motion to proceed *in forma pauperis*. On June 14, 2018, the court granted plaintiff's motion but simultaneously dismissed the case because the complaint failed to state a claim and failed to name any defendants or explain why the defendants' names were neither known nor ascertainable. (See ECF No. 3.)

---

[1] Defendants have not yet appeared in this matter.

1

The court ordered plaintiff to file a first amended complaint or a notice of voluntary dismissal within twenty-eight days. (Id. at 4.) Plaintiff was specifically cautioned that failure to timely comply with the order might result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

Plaintiff failed to comply and, as such, the undersigned recommended dismissal of the complaint. (ECF No. 4.) Plaintiff filed objections, explaining that he did not receive the court's previous order due to a change of address. (ECF No. 5.) Accordingly, the undersigned vacated the recommendation of dismissal and ordered plaintiff to file an amended complaint no later than August 31, 2018. (ECF No. 6.)

Plaintiff belatedly filed the first amended complaint on September 4, 2018, which constituted his second failure to follow an order of the court. (ECF No. 7.) Nevertheless, the court ordered service of the complaint on October 3, 2018. (ECF No. 8.) The court ordered that "[p]laintiff shall supply the U.S. Marshal, within 30 days . . . with all information needed . . . to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal." (Id. at 2.) Plaintiff was again warned that "[f]ailure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 3.)

The deadline passed and plaintiff failed to file a statement with the court that all necessary documents had been submitted to the U.S. Marshal. This was plaintiff's third failure to follow an order of the court. On November 26, 2018, the court ordered plaintiff to show cause in writing, within 14 days, "why the court should not impose monetary sanctions and/or dismiss this action based upon plaintiff's failure to follow the court's previous order." (ECF No. 11 at 2.)

On December 12, 2018, plaintiff responded that he had forgotten to comply with the court's order due to medical issues and becoming overwhelmed with school. (ECF No. 12.) Simultaneously, plaintiff filed a statement indicating that he had provided the U.S. Marshal with the information needed to effectuate service of process. (ECF No. 14.) In light of plaintiff's representations, his belated compliance with the court's order, and his *in forma pauperis* status,

the court determined that sanctions were not warranted.  (ECF No. 15 at 1.)  At the same time, plaintiff was explicitly "cautioned that any future failure to follow an order of this court may result in appropriate sanctions, including dismissal of the action."  (Id.)

As plaintiff has been previously admonished on multiple occasions, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds).  The Eastern District Local Rules explain that "[a]ny individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground[s] for dismissal, judgment by default, or any other sanction appropriate under these Rules."  E.D. Cal. L.R. 183(a).  Furthermore, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.

Despite plaintiff's repeated failures and the court's repeated admonishments, plaintiff has once again failed to follow an order of the court.  He neither filed a status report nor appeared at the hearing, as he was ordered to do.  (See ECF Nos. 10, 16.)  It is apparent that plaintiff is either unwilling or unable to timely comply with court orders and to prosecute this matter, without constant reminders from the court.  While the court is sympathetic to plaintiff's pro se status, such a status does not excuse his repeated failures and missed deadlines.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days of this order, plaintiff shall SHOW CAUSE in writing why the court should not dismiss this action based upon plaintiff's failure to follow the court's orders and plaintiff's failure to prosecute his case.

Dated: March 12, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14