UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFRANTZE LUCAS NOEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THERESA SANDSTRUM, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-01687-JAM-CKD (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff DeFrantze Lucas Noel, who proceeds without counsel, commenced this action on June 8, 2018. (ECF No. 1.) On March 12, 2019, after plaintiff's fourth failure to follow an order of the court, the court ordered plaintiff to show cause in writing, within fourteen days, why the court should not dismiss the action based upon his failure to follow the court's orders and prosecute the case. (ECF No. 18 at 3.) The deadline having passed, plaintiff has again failed to respond as ordered.

BACKGROUND

Plaintiff's first failure occurred after the court granted his motion to proceed in forma pauperis. On June 14, 2018, the court granted plaintiff's motion but simultaneously dismissed the case because the complaint failed to state a claim and failed to name any defendants or explain why the defendants' names were neither known nor ascertainable. (See ECF No. 3.) The court ordered plaintiff to file a first amended complaint or a notice of voluntary dismissal within

1

twenty-eight days.  (Id. at 4.)  Plaintiff was specifically cautioned that failure to timely comply with the order may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

Plaintiff failed to comply and on July 30, 2018, the undersigned recommended dismissal of the complaint.  (ECF No. 4.)  Plaintiff filed objections and explained that he did not receive the court's previous order due to a change of address.  (ECF No. 5.)  As such, the undersigned vacated the recommendation of dismissal and ordered plaintiff to file an amended complaint no later than August 31, 2018.  (ECF No. 6.)

Plaintiff belatedly filed the first amended complaint on September 4, 2018, which constituted his second failure to follow an order of the court.  (ECF No. 7.)  Nevertheless, on October 3, 2018, the court ordered service of the complaint.  (ECF No. 8.)  The court specifically directed plaintiff, within thirty days, to provide the U.S. Marshal "with all information needed . . . to effectuate service of process" on defendants and, within ten days thereafter, to "file a statement with the court that such documents have been submitted to the U.S. Marshal."  (Id. at 2.)  Plaintiff was warned that "[f]ailure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b)."  (Id. at 3.)

Plaintiff failed to file a statement with the court as directed, which constituted his third failure to follow an order of the court.  As a result, on November 26, 2018, the court ordered plaintiff to show cause in writing, within fourteen days, "why the court should not impose monetary sanctions and/or dismiss this action based upon plaintiff's failure to follow the court's previous order."  (ECF No. 11 at 2.)

On December 12, 2018, plaintiff responded that he had forgotten to comply with the court's previous order due to medical issues and becoming overwhelmed with school.  (ECF No. 12.)  Simultaneously, plaintiff filed a statement indicating that he had provided the U.S. Marshal with the information needed to effectuate service of process.[1]  (ECF No. 14.)  In light of

---

[1] However, it now appears that plaintiff did not actually provided the U.S. Marshal with the information needed to serve defendants.  On March 8, 2019, the summons sent to defendant

2

plaintiff's representations, his belated compliance with the court's order, and his in forma pauperis status, the court determined that sanctions were not warranted. (ECF No. 15 at 1.) At the same time, plaintiff was explicitly "cautioned that any future failure to follow an order of this court may result in appropriate sanctions, including dismissal of the action." (Id.)

On March 6, 2019, the court held the previously scheduled initial status (pretrial scheduling) conference in this matter. (See ECF Nos. 10, 16.) The parties had been ordered to file status reports not later than fourteen days prior to the status conference. (ECF No. 10 at 2.) Plaintiff failed to file a status report or appear at the status conference.[2] (ECF No. 16.) This was plaintiff's fourth failure to follow an order of the court.

Due to plaintiff's repeated failures, the court considered dismissal of the case. However, in light of plaintiff's pro se status and the court's strong desire to resolve the case on the merits, the court afforded plaintiff yet another opportunity. (ECF No. 18.) On March 12, 2019, the court ordered plaintiff, within fourteen days, to show cause why this case should not be dismissed. (Id. at 3.)

Although the applicable deadline has passed, plaintiff has once again failed to respond as ordered, which constitutes plaintiff's fifth failure to follow an order of the court. Based upon plaintiff's seeming inability to follow court orders and prosecute the case, the court recommends dismissal at this juncture.

LEGAL STANDARDS

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these

---

Marie Murphy was returned unexecuted, as the packet the U.S. Marshal mailed to defendant at the address plaintiff provided was returned "not deliverable as addressed unable to forward." (ECF No. 17.)

[2] Defendants have not yet appeared in this matter.

3

> Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think

about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

DISCUSSION

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal here. The first two Ferdik factors strongly support dismissal, given that plaintiff's failure to comply with the court's orders and failure to prosecute his case have unreasonably delayed the progress of this litigation. The third Ferdik factor also favors dismissal. While no defendant has appeared, defendants have been named in this matter and plaintiff's failure to prosecute the case has hampered defendants' ability to move this case forward towards resolution.

Additionally, the fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal. As noted above, the court has attempted several less drastic measures, including numerous orders to show cause, prior to recommending dismissal. However, plaintiff has repeatedly failed to comply with the court's orders. Most recently, plaintiff completely failed to respond to the pending order to show cause. Further, the court finds no suitable alternative to dismissal at this juncture. Given plaintiff's in forma pauperis status, the imposition of monetary sanctions would be futile. Based on the limited record here, the court is unable to frame any meaningful issue or evidentiary sanctions.

Finally, the court finds that the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits, does not materially counsel against dismissal. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders and prosecute his case. In any event, the court finds that the fourth Ferdik factor is outweighed by the other Ferdik factors. Thus, dismissal is appropriate.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
2. The Clerk of Court be directed to vacate all dates and close this case.

5

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 3, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14